UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SANTIAGO,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-7264** |
| **STATE FARM INSURANCE CO.,** *et al.* | **SECTION: I/5** |

## ORDER

Before the Court is the motion to remand filed by plaintiffs, Byron and Josie Santiago. In conjunction with this motion, plaintiffs have also filed a stipulation regarding their damages.[1] Plaintiffs acknowledge that their claims for damages do not exceed the sum of $75,000.00, exclusive of interest and costs, and they renounce any portion of a judgment that might be rendered in excess of this amount. The sworn stipulation is signed by both plaintiffs and their attorney.

A court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal; however, a court may not consider post-removal events in determining whether the amount in controversy is met. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n.18 (5th Cir. 1998); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colom. v. Dow Quimica de Colom. S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). A stipulation may effectuate a remand where it is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal. *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *4 (E.D. La. Jan. 5,

---

[1] Rec. Doc. No. 16.

2005) (Porteous, J.) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993)).  The Court finds that plaintiffs' state court petition is ambiguous as to damages and that plaintiffs' stipulation clarifies this ambiguity.

Counsel for both parties agreed at a status conference with the Court on March 23, 2007, that the case could be remanded without objection once plaintiffs filed a proper stipulation regarding the amount in controversy.[2]  The Court finds that it lacks subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and that remand is appropriate.[3]

Accordingly,

**IT IS ORDERED** that the motion to remand filed by plaintiffs, Byron and Josie Santiago,[4] is **GRANTED**, and the above-captioned matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

New Orleans, Louisiana, March __27th__, 2007.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] *See* Rec. Doc. No. 15.

[3] In its removal petition, defendant State Farm Fire and Casualty Company ("State Farm") argued that the Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1369(a) and 1441(e)(1). Rec. Doc. No. 1, pp. 8-11. This Court has previously rejected these statutes as proper bases for jurisdiction in similar cases. *See, e.g.*, *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006). Counsel for State Farm did not renew these jurisdictional arguments in response to plaintiffs' motion to remand, and the Court finds no need to reiterate its previous reasoning. The Court, however, incorporates the applicable legal standards and analysis with respect to jurisdiction pursuant to 28 U.S.C §§ 1369(a) and 1441(e)(1) from its prior opinions as though fully written herein.

[4] Rec. Doc. No. 3.